**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW MEXICO**

In re: RICARDO ORTEGA and BRIDGIT DENISE ORTEGA, No. 25-11139-j7

Debtors.

**MEMORANDUM OPINION**

THIS MATTER is before the Court on two related motions: (1) a motion to avoid judicial lien (the "Motion to Avoid Lien" – Doc. 14) filed by debtors Ricardo Ortega and Bridgit Ortega ("Debtors") and (2) a motion to permit late filing of a non-dischargeability complaint (the "Motion to Permit Late Filing" – Doc. 18) filed by creditor Hacienda Mechanical, Inc. ("Hacienda Mechanical").

The Motion to Avoid Lien seeks to avoid Hacienda Mechanical's judicial lien on Debtors' residence. The parties agreed to have the Motion to Avoid Lien and the Motion to Permit Late Filing (together, the "Motions") determined on stipulated facts.[1] In addition to the responses to the Motions (Docs. 20 and 21), the parties also filed briefs on the Motion to Permit Late Filing (Docs. 31 and 33).

Prior to this bankruptcy case, Hacienda Mechanical obtained a judgment against debtor Ricardo Ortega in New Mexico state court in June 2021 and then filed a transcript of judgment, which gave Hacienda Mechanical a judgment lien on Debtors' residence (the "Homestead"). In

[1] The order resulting from the preliminary hearing provided: "If the parties wish the Court to decide the Motion to Avoid Judicial Lien and/or the Motion to Permit Late Filing based on stipulated facts, the parties shall file a separate joint stipulation for each motion by March 9, 2026, that includes a request for the Court to decide the motion based on the stipulated facts without further evidence or a hearing." Doc. 24. The parties submitted a joint stipulation of facts with respect to both motions, but they did not expressly include a request for the Court to decide the motions based on the stipulated facts without further evidence or a hearing. *See* Doc. 28. The Court deems that submission of the stipulated facts is an implied request for the Court to determine the matter on stipulated facts.

September 2025, Debtors filed this bankruptcy case. Hacienda Mechanical missed the deadline to file a complaint objecting to the dischargeability of debt, and after the deadline had passed, Hacienda Mechanical filed the Motion to Permit Late Filing and asserted that its failure to meet the deadline was due to excusable neglect. In the meantime, Debtors filed the Motion to Avoid Lien seeking to avoid Hacienda Mechanical's judicial lien.

As explained further below, the Court will deny the Motion to Permit Late Filing because the excusable neglect standard does not apply to the deadline for filing a complaint objecting to the discharge of particular debts under 11 U.S.C. § 523(a)(2) and (6)[2] (sometimes known as an objection to dischargeability or to the dischargeability of particular debts), and Hacienda Mechanical does not fit within the strict deadline imposed by Bankruptcy Rule 4007(c).[3] Further, because the entirety of Hacienda Mechanical's judicial lien impairs Debtors' homestead exemption, the Court will grant Debtors' Motion to Avoid Lien.

## I. PROCEDURAL HISTORY

Debtors commenced this chapter 7 bankruptcy case on September 17, 2025. *See* Doc. 1.[4] The chapter 7 trustee held the meeting of creditors on October 16, 2025 (*see* Doc. 7) and issued a report of no distribution the same day (Doc. 12). On December 22, 2025, the Court entered an order of discharge (Doc. 16) granting Debtors a chapter 7 discharge.

Shortly before the Court entered the discharge order, Debtors filed the Motion to Avoid Lien—this was December 18, 2025. Three weeks later Hacienda Mechanical filed its objection to

[2] Unless otherwise specified, references to "Section" and "§" are to sections of the Bankruptcy Code, which is title 11 of the United States Code.

[3] Unless otherwise specified, references to "Bankruptcy Rule" or "Rule" are to the Federal Rules of Bankruptcy Procedure.

[4] References to "Doc." are to the docket in the bankruptcy case, Case No. 25-11139-j7.

the Motion to Avoid Lien (Doc. 20)[5] and its Motion to Permit Late Filing (Doc. 18)—this was January 8, 2026. The Motion to Permit Late Filing seeks an extension of the deadline to file a non-dischargeability complaint on the basis of § 523(a)(2) and (6). The Debtors filed their objection to the Motion to Permit Late Filing (Doc. 21) within a week, on January 13, 2026.

On February 18, 2026, the Court held a preliminary hearing on the Motions. At the hearing, the parties represented that the relevant facts to determine the Motions are not in dispute. *See* Doc. 24. The Court fixed a briefing schedule as well as a deadline for the parties to file a joint stipulation of facts. *Id.* Hacienda Mechanical filed a brief in support of its Motion to Permit Late Filing (Doc. 31), and the Debtors filed a response brief (Doc. 33). No briefs were filed with respect to the Motion to Avoid Lien.

## II. FINDINGS OF FACT[6]

The Court adopts the parties' stipulated facts, and based on the stipulated facts and the Court taking judicial notice of the docket of this bankruptcy case and the documents filed on the docket, finds as follows:

Hacienda Mechanical, in 2020, filed a state-court lawsuit against debtor Ricardo Ortega due to Mr. Ortega's fraud and embezzlement from Hacienda Mechanical (the "Lawsuit"). The Lawsuit resulted in Mr. Ortega stipulating to a Stipulated Final Judgment, on or about June 25, 2021, in the amount of $150,000, wherein Mr. Ortega explicitly agreed that the judgment would

---

[5] Hacienda Mechanical filed its original objection at Doc. 19, which was missing the exhibit, and an amended objection a few minutes later at Doc. 20, with the exhibit attached.

[6] The Court takes judicial notice of the docket and claims register in this bankruptcy case. *See* Fed. R. Evid. 201(b)(2) and (c); *St. Louis Baptist Temple, Inc. v. Fed. Deposit Ins. Corp.*, 605 F.2d 1169, 1172 (10th Cir. 1979) (holding that a court may *sua sponte* take judicial notice of its own docket), *abrogated on other grounds by McGregor v. Gibson*, 248 F.3d 946 (10th Cir. 2001); *LeBlanc v. Salem (In re Mailman Steam Carpet Cleaning Corp.)*, 196 F.3d 1, 8 (1st Cir. 1999) ("[T]he bankruptcy court appropriately took judicial notice of its own docket[.]").

not be dischargeable in bankruptcy.[7] On June 28, 2021, Hacienda Mechanical filed its Transcript of Judgment.[8] On July 13, 2021, Hacienda Mechanical filed an Application for Charging Order in state court. Prior to the hearing scheduled for October 18, 2021, on the Application for Charging Order, the parties reached an agreement for Debtors to make monthly payments on the Stipulated Final Judgment.

Debtors made numerous payments on the payment agreement but breached the payment agreement a few months before filing this chapter 7 proceeding. Debtors filed this chapter 7 case on September 17, 2025. Debtors scheduled the Homestead consisting of certain residential real estate in Schedule A/B located at 5325 Ortega Rd., Las Cruces, NM and valued it at $398,400.00. Debtors also scheduled a mortgage against the Homestead in Schedule D, Line 2.6 showing a balance due of $158,578.00. Debtors claimed equity in the Homestead in the amount of $239,822.00. Debtors claim their equity as exempt on Schedule C under the New Mexico Homestead Exemption. The judgment lien (Transcript of Judgment) impairs Debtors' equity exemption in the Homestead property.[9]

Hacienda Mechanical received notice of the filing of this bankruptcy case and retained counsel to represent Hacienda Mechanical in this case. Counsel for Hacienda Mechanical attended the § 341 Meeting on October 16, 2025, wherein Debtors admitted to the Stipulated Final Judgment and the provisions contained therein, including that it was the result of fraud or fraudulent actions. Debtors also admitted that the Stipulated Final Judgment contained a provision in it that it would not be dischargeable in this bankruptcy. The Trustee issued his Report of No Distribution on October 16, 2025. Thereafter, counsel for Hacienda Mechanical

[7] A copy of the Stipulated Final Judgment is attached as Exhibit 1 to the Motion to Permit Late Filing.
[8] A copy of the Transcript of Judgment is attached as Exhibit A to the Motion to Avoid Lien.
[9] The parties stipulated to this mixed question of fact and law in their stipulation of facts.

asked his secretary to calendar the deadline to file Hacienda Mechanical's objection to discharge. At the time, counsel's secretary was dealing with the terminal illness of and passing of her father and she failed to calendar the deadline. The deadline to object to discharge or to the dischargeability of particular debts was December 15, 2025. Hacienda Mechanical missed the December 15, 2025 deadline to file an objection to discharge or to the dischargeability of particular debts.

On December 18, 2025, Debtors filed their Motion to Avoid Lien. As soon as Hacienda Mechanical's counsel received the Order of Discharge, Hacienda Mechanical's counsel conferred with Debtors' counsel about the filing of a non-dischargeability complaint. Debtors' counsel would not agree to the Motion to Permit Late Filing, stating that it would not be in his clients' best interest, and invited its filing. On January 8, 2026, Hacienda Mechanical filed its Motion to Permit Late Filing of Complaint for Exception to Discharge. Debtors have not taken any actions that relied upon Hacienda Mechanical missing the deadline to file an objection to discharge.[10] Hacienda Mechanical filed its Motion to Permit Late Filing twenty-four (24) days after the deadline passed.

Any failure to meet the deadline was not a result of Hacienda Mechanical's inadvertence or excusable neglect but instead the result of Hacienda Mechanical's counsel's inadvertent failure to calendar the deadline as a result of counsel's secretary's family concerns.

---

[10] The parties also stipulated that "Debtors' discharge is currently being delayed due to this Motion and the Hacienda Mechanical's Response to Debtors' motion to avoid lien." This is not correct—Debtors were granted a discharge on December 22, 2025. The filing of an objection to dischargeability of particular debts (or a request to file such objection, as here) does not prevent the grant of discharge. *See Buke, LLC v. Eastburg (In re Eastburg),* 447 B.R. 624, 632 (10th Cir. BAP 2011) (providing that when a debtor is granted a discharge while an objection to dischargeability is pending, the best interpretation of § 523(c) is that the described debts are "***'presumptively discharged' until the bankruptcy court makes a determination regarding dischargeability,*** and hence the discharge injunction applies") (emphasis in the original); *In re Pacheco*, 616 B.R. 126, 136 (Bankr. D.N.M. 2020) (same).

## III. DISCUSSION

There are two issues before the Court: (1) whether to permit Hacienda Mechanical to file a non-dischargeability complaint after the deadline and (2) whether to avoid Hacienda Mechanical's judicial lien on Debtors' Homestead. Based on the parties' stipulated facts, the Court must deny Hacienda Mechanical's request to file a late non-dischargeability complaint. Bankruptcy Rule 4007(c) governs the deadline for filing a complaint objecting to the dischargeability of a particular debt under § 523(a)(2) and (6), and Hacienda Mechanical does not fit within the limited exceptions.

Further based on the parties' stipulated facts, the Court determines that the entirety of Hacienda Mechanical's judicial lien impairs Debtors' homestead exemption, and therefore the Court will grant Debtors' request to avoid Hacienda Mechanical's lien.

1. *Motion to Permit Late Filing*

In its Motion to Permit Late Filing, Hacienda Mechanical concedes that any failure to meet the deadline was not the result of inadvertence or excusable neglect on the part of Hacienda Mechanical itself. It stipulated to the contrary. Instead, Hacienda Mechanical asks the Court to extend the deadline under Rule 9006(b)(1)(B) based on its counsel's inadvertence as a result of counsel's secretary's clerical error or excusable neglect in not calendaring the deadline while suffering the death of a loved one and alternatively under Rule 4007(c) based on the Court's equitable and general powers to ensure that this creditor is able to present its claim.

Hacienda Mechanical argues that the excusable neglect standard is an equitable one, requiring courts to weigh multiple factors: prejudice to the nonmoving party, length of delay, the reason for the delay (especially whether within the movant's control), and the movant's good faith. Weighing these factors, Hacienda Mechanical argues that excusable neglect may be found

where, as here, (i) the short delay stemmed from a clerical error or excusable neglect on the part of counsel's secretary who suffered the death of a loved one, rather than mere negligence or ignorance of the rules, and (ii) Debtors would not be prejudiced by the extension as Mr. Ortega agreed in the Stipulated Final Judgment entered in state court that the debt is nondischargeable, and Debtors so testified at the § 341 meeting of creditors.

In the alternative, Hacienda Mechanical argues that under these very limited and singular circumstances, the Court should exercise its equitable authority to extend the deadline in Rule 4007(c) in furtherance of the policy that only an honest debtor should be permitted to take advantage of the Rules and to prevent Debtors from receiving a windfall.[11]

Debtors counter that (i) the requirement under Rules 9006(b)(3) and 4007(c) that the motion to extend time must be filed before the time expires is jurisdictional, depriving the Court of any discretion to extend the deadline based on a request made after the deadline expired, (ii) Rule 9006(b)(3) expressly precludes the application of the excusable neglect standard in Rule 9006(b)(1) to the deadline in Rule 4007(c), and (iii) the Court does not have the authority under the guise of § 105(a) to exercise equitable powers that contravene the express limitation in a Bankruptcy Rule.

(a) *Rule 4007(c), which is the operative provision governing extensions of time to file a complaint objecting to the dischargeability of debt under § 523(a)(2) and (6), does not permit an extension of time on a motion filed after the time expired.*

The Court first examines the Rules at issue. The general rule for extensions of time in bankruptcy matters is set forth in Rule 9006(b)(1), which provides:

[11] In some places, the Debtors reference Rule 4004—however, based on the context, it appears that this is a clerical error and they intended to reference Rule 4007.

> (1) *In General*. This paragraph (1) applies when these rules, a notice given under these rules, or a court order requires or allows an act to be performed at or within a specified period. Except as provided in (2) and (3), the court may—at any time and for cause—extend the time to act if:
>
> > (A) with or without a motion or notice, a request to extend is made before the period (or a previously extended period) expires; or
> >
> > (B) on motion made after the specified period expires, the failure to act within that period resulted from excusable neglect.

Subsection (b)(3) of Rule 9006 contains an exception to the general rule for extensions of time set forth in subsection (b)(1) and provides:

> (3) *Extensions Governed by Other Rules*. The court may extend the time to:
> (A) act under Rules 1006(b)(2), 1017(e), 3002(c), 4003(b), 4004(a), 4007(c), 4008(a), 8002, and 9033—but only as permitted by those rules[.]

Rule 4007(c), referenced in Rule 9006(b)(3), fixes a deadline to file a complaint to determine the dischargeability of debt under § 523(c) and permits an extension of the deadline only on a motion filed before the time expires. This applies to Hacienda Mechanical because Hacienda Mechanical seeks an extension of time to file a complaint objecting to the dischargeability of debt under § 523(a)(2) and (6), and an objection to the dischargeability of debt under § 523(a)(2), (4) or (6) is made pursuant to § 523(c). Rule 4007(c) provides in relevant part:

> (c) *Chapter 7, 11, 12, or 13—Time to File a Complaint Under § 523(c); Notice of Time; Extension.* Except as (d) provides, a complaint to determine whether a debt is dischargeable under § 523(c) must be filed within 60 days after the first date set for the § 341(a) meeting of creditors. . . . On a party in interest's motion *filed before the time expires*, the court may, after notice and a hearing and for cause, extend the time to file.

(emphasis added).[12]

[12] The exception in "(d)" relates to chapter 13 cases and is not applicable here.

Because Rule 4007(c) specifies when an extension of the deadline to file a complaint to determine the dischargeability of debt under § 523(c) is permitted, under Rule 9006(b)(3), Rule 4007(c) is the operative rule governing such an extension of the time. Therefore, Rule 9006(b)(1), which permits a court to extend a deadline after the deadline has expired on a showing of excusable neglect, does not apply to extensions of time under Rule 4007(c).[13] The Court concludes that Hacienda Mechanical may not obtain an extension of time to object to the dischargeability of a debt under § 523(a)(2) or (6) under Rule 9006(b)(1)(B) on a showing of excusable neglect.

Turning to when an extension may be obtained, Rule 4007(c) permits the Court to extend the time to object to the dischargeability of a debt under § 523(c) only if the motion to extend time is filed *before* the deadline fixed by the Rule. There is no dispute that Hacienda Mechanical did not file a motion to extend time before the deadline. Because Hacienda Mechanical's motion to extend time was filed after the deadline expired, under Rule 4007(c), an extension is not expressly permitted.

(b) *Rules 9006(b)(3) and 4007(c) are not jurisdictional*

The Debtors assert that Rules 9006(b)(3) and 4007(c) are jurisdictional, and since Hacienda Mechanical missed the deadline to file its complaint and did not satisfy the statutory basis for an extension, the Court does not have jurisdiction to grant an extension. This Court has

---

[13] *Daniels v. Cowdin (In re Cowdin)*, 292 B.R. 711 (Table) (10th Cir. BAP 2002) (unpublished) (providing that extensions of the deadline under Rule 4007(c) are "not governed by Rule 9006(b)(1), but rather by [Rule] 9006(b)(3)"); *see also Vigil v. Mirabal (In re Mirabal)*, No. 23-10862, 2026 WL 1216731, at *4 (Bankr. D.N.M. May 4, 2026) (providing that Rule 4007(c) "cannot be extended on the basis of excusable neglect"); *State Bank of S. Utah v. Beal (In re Beal)*, 616 B.R. 140, 152 (Bankr. D. Utah 2020) (providing that with respect to Rules 4004(a) and 4007(c), "[n]either of those rules allows for extension on the basis of excusable neglect"), *aff'd sub nom. State Bank of S. Utah v. Beal*, 633 B.R. 398 (D. Utah 2021), *aff'd sub nom. State Bank of S. Utah v. Beal (In re Beal)*, No. 21-4124, 2022 WL 17661140 (10th Cir. Dec. 14, 2022).

previously held that "the time limit for objecting to dischargeability of a debt is not jurisdictional." *N.M. Dep't of Workforce Sols. (In re Martinez)*, No. 12-1186, 2012 WL 3028511, at *4 (Bankr. D.N.M. July 25, 2012).[14] This accords with the U.S. Supreme Court's determination in *Kontrick v. Ryan*, which held that the filing deadlines in Rule 9006(b)(3) and a similar claims-processing rule (Rule 4004) are not jurisdictional. *Kontrick v. Ryan*, 540 U.S. 443, 454 (2004) ("[T]he filing deadlines prescribed in Bankruptcy Rules 4004 and 9006(b)(3) are claim-processing rules that do not delineate what cases bankruptcy courts are competent to adjudicate."). In fact, the Supreme Court in *Kontrick* even noted that "essentially the same time prescriptions apply" under Rules 4004 and 4007(c). *Id.* at 448 n.3. Thus, the Court retains jurisdiction to consider the request for an extension of the deadline in Rule 4007(c) even though the request was not timely made.

(c) *Rule 4007(c) is strictly construed and equitable exceptions, if any, are limited*

In its alternative argument, Hacienda Mechanical asks the Court to exercise its equitable and general powers in the unique and compelling circumstances of this case to make an exception to the time limit imposed by Rule 4007(c), relying in part on *Themy v. Yu (In re Themy)*, 6 F.3d 688 (10th Cir. 1993) and *Allred v. Kennerley (In re Kennerley)*, 995 F.2d 145 (9th Cir. 1993). Pursuant to the Tenth Circuit Court of Appeals' decision in *Themy*, this Court has recognized that Rule 4007(c) is "strictly construed"[15] but historically has also

---

[14] *See also TL90108 LLC v. Ford*, 147 F.4th 1351, 1359 (11th Cir. 2025) (holding that the deadline in Rule 4007(c) is not jurisdictional); *In re Delloso*, 72 F.4th 532, 539 (3d Cir. 2023) (same); *Nardei v. Maughan (In re Maughan),* 340 F.3d 337, 341 (6th Cir. 2003) (same); *European Am. Bank v. Benedict (In re Benedict)*, 90 F.3d 50, 54 (2d Cir. 1996) (same); *Boek v. Guzman (In re Guzman)*, 27 F. App'x 789, 790 (9th Cir. 2001) (unpublished) (same); *Litty v. Litty (In re Litty)*, 155 F.3d 559 (Table) (4th Cir. 1998) (unpublished) (same); *McNaughton v. Maytorena (In re Maytorena),* Nos. 11-1079 & 11-1080, 2011 WL 5509194, at *6 (Bankr. D.N.M. Nov. 4, 2011) (same). *But see In re Barley*, 130 B.R. 66, 68 (Bankr. N.D. Ind. 1991) (holding that the deadline contained in Rule 4007(c) is jurisdictional).

[15] *Mirabal*, 2026 WL 1216731, at *4 (citing *Themy*, 6 F.3d at 689).

recognized there are limited equitable exceptions.[16] The availability of equitable exceptions to Rule 4007(c) has subsequently been called into question by the U.S. Supreme Court's decision in *Nutraceutical Corp. v. Lambert*, as explained by the Third Circuit Court of Appeals in *In re Delloso*. *In re Delloso*, 72 F.4th 532 (3d Cir. 2023) (citing *Nutraceutical Corp. v. Lambert*, 586 U.S. 188 (2019)). However, the Court need not reach the question of *Nutraceutical*'s impact on the availability of equitable exceptions to Rule 4007(c), because even if equitable exceptions were available, an equitable exception clearly does not apply here.

(i) *Rule 4007(c) is strictly construed, but some courts have recognized limited equitable exceptions*

In *Themy,* the Tenth Circuit Court of Appeals explained that "Rules 4004(a) and 4007(c) set a strict sixty-day time limit within which a creditor may dispute the discharge of the debtor and the dischargeability of debts" and "provide that this deadline may only be extended for cause, after a hearing, if a motion is made before expiration of the sixty days." *Themy*, 6 F.3d at 689. The Tenth Circuit further noted that Rule 9006(b)(3) provides that a "court may enlarge the time for taking action under Rules . . . 4004(a) [and] 4007(c) . . . only to the extent and under the conditions stated in those rules." *Id.* (modifications in original). [17]

The Tenth Circuit held that a limited exception to the strict application of Rule 4007(c) exists where the failure to timely file an objection to dischargeability of a debt resulted from the court's error in a notice setting an incorrect deadline. *Id*. at 690. The exception recognizes that courts have the equitable power under § 105(a), and the inherent power, to correct their own

[16] *E.g., Martinez*, 2012 WL 3028511, at *4 (providing that equitable tolling applies to Rule 4007(c)).

[17] *See also Cowdin*, 292 B.R. 711 (Table) (recognizing Rule 9006(b)(3)'s limitation on a court enlarging the time to make a request under Rule 4007(c) and noting *Themy*'s "strict interpretation" of the time limit in Rule 4007(c)); *Mirabal,* 2026 WL 1216731, at *4 (same); *Beal*, 616 B.R. at 152 (same).

mistakes. *Id.* at 689-90.[18] In *Kennerley*, the Ninth Circuit recognized that lower courts in the Ninth Circuit have applied a "unique" or "extraordinary" circumstances exception to the Rule 4007(c) time limit for filing a complaint objecting to the dischargeability of debt but noted that "the unique circumstances exception would appear to be limited to situations where a court *explicitly misleads* a party." *Kennerley*, 995 F.2d at 147 (emphasis in original).[19]

In *Boechler, P.C. v. Comm'r of Internal Revenue*, 596 U.S. 199, 201 (2022), the U.S. Supreme Court held that "[n]onjurisdictional limitations periods are presumptively subject to equitable tolling."[20] Consistent with this general principle, this Court has previously held that equitable tolling is a limited exception to the strict application of Rule 4007(c) under the Court's equitable powers. *Martinez*, 2012 WL 3028511, at *4.[21] Some courts have further permitted exceptions on the basis of waiver and equitable estoppel.[22]

[18] Arguably, the Tenth Circuit did not need to invoke § 105(a). Rule 4007(c) requires the court to give creditors notice of the 60-day deadline to file a complaint to determine the dischargeability of debt at least 30 days before the deadline expires. The court giving such notice may be a condition precedent to enforcement of the deadline. Under this view, *Themy* did not need to rely on the bankruptcy court's equity powers under § 105(a) because failure of the court to give the required notice would mean that the deadline did not go into effect.

[19] *Cf. Anwar v. Johnson*, 720 F.3d 1183, 1187 (9th Cir. 2013) (holding that a bankruptcy court may not exercise equitable powers under § 105(a) to extend the time limit imposed by Rule 4007(c) "absent unique and exceptional circumstances not present here").

[20] *Boechler* was decided in the context of a deadline in the Tax Code (title 26 of the United States Code). The Supreme Court held that there was nothing to rebut the presumption where, among other things, the provision "does not expressly prohibit equitable tolling." *Boechler*, 596 U.S. at 201.

[21] Courts are split on whether equitable tolling is an exception to the time limit imposed by Rule 4007(c). *Compare In re Delloso*, 72 F.4th 532, 541 (3d Cir. 2023) (the deadline imposed by Rule 4007(c) is not subject to equitable tolling); *Davania v. Costello (In re Costello)*, 675 B.R. 914, 924 (Bankr. C.D. Cal. 2026) (same), *with Maughan*, 340 F.3d at 344 (providing that the deadline imposed by Rule 4007(c) is generally subject to equitable tolling); *Benedict*, 90 F.3d at 54 (same). Courts that have permitted equitable tolling have noted that "[e]quitable tolling should be applied sparingly." *Martinez*, 2012 WL 3028511, at *4 (citing *United States v. Clymore,* 245 F.3d 1195, 1199 (10th Cir. 2001) ("Federal courts have typically extended equitable relief only sparingly." (quoting *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990)))).

[22] *E.g.*, *Maughan*, 340 F.3d at 344 (providing that the deadline imposed by Rule 4007(c) is generally subject to the defenses of waiver, estoppel, and equitable tolling); *Benedict*, 90 F.3d at 54 (same); *Maytorena*, 2011 WL 5509194, at *6 (same).

(ii) *The Supreme Court's decision in* Nutraceutical *raises questions about the availability of equitable exceptions to Rule 4007(c)*

The view that the court's general and equitable powers, including under § 105(a), can create exceptions to the deadline imposed by Rule 4007(c) has been potentially undermined by the U.S. Supreme Court's decision in *Nutraceutical Corp. v. Lambert*, 586 U.S. 188 (2019). In *Nutraceutical*, the Supreme Court held that equitable tolling is not available if the text of the rule imposing the deadline shows a clear intent that the deadline is not subject to equitable tolling, and thus in that case Fed. Rule Civ. P. 23(f) is not subject to equitable tolling. 586 U.S. at 192-94. The Supreme Court reached this conclusion because Fed. Rule App. Proc. 2, which generally allows suspension of other appellate rules for "good cause," makes an exception "as otherwise provided in [Fed Rule App. Proc.] 26(b), and Rule 26(b)(1) provides that the deadline imposed by Rule 23(f) may not be extended. *Id.* at 193. In other words, the deadline imposed by Rule 23(f) is not subject to equitable tolling because Rule 26(b) expresses a "clear intent to compel rigorous enforcement" of a deadline "even where good cause for equitable tolling might otherwise exist." *Id*.

Following *Nutraceutical*, the Third Circuit Court of Appeals in *In re Delloso* applied the reasoning of *Nutraceutical* to Bankruptcy Rules 4007(c) and 9006(b)(3). *In re Delloso*, 72 F.4th 532, 537-43 (3d Cir. 2023). *Delloso* recognized the presumption applied in *Boechler* that non-jurisdictional limitations periods are presumptively subject to equitable tolling, but impliedly concluded that the presumption is rebutted by Rules 4007(c) and 9006(b)(3), reasoning that such rules, when read together, express a clear intent that the deadline imposed by

Bankruptcy Rule 4007(c) is not subject to equitable tolling. *Delloso*, 72 F.4th at 537-43 (citing *Boechler*, 596 U.S. 199).[23,24]

In this case, the parties did not address the impact of *Nutraceutical* on the availability of equitable exceptions to the deadline imposed by Rule 4007(c). But because the Court concludes that even if any equitable exceptions to Rule 4007(c) were available, an equitable exception does not apply here, the Court need not reach the question of whether *Nutraceutical* eliminates most or all such equitable exceptions.

(iii) *Even if equitable exceptions to the Rule 4007(c) deadline were available, an equitable exception does not apply here to extend the deadline.*

Hacienda Mechanical asks the Court to exercise its equitable authority under § 105(a) to grant an extension based on the "very limited and singular circumstances" of this case. Hacienda Mechanical asserts that the very limited and singular circumstances warranting an extension of time for it to file a non-dischargeability complaint are that (a) debtor Richard Ortega agreed in the Stipulated Final Judgment in the state court Lawsuit that the judgment resulted from his fraud and the judgment debt could not be discharged in bankruptcy; (b) Debtors will not suffer any prejudice if the extension is granted as Mr. Ortega agreed in the Stipulated Final Judgment that he committed nondischargeable fraud; (c) a non-dischargeability complaint was not timely filed due to inadvertent error by Hacienda Mechanical's counsel's secretary who failed to calendar the deadline because she was dealing with the terminal illness of and passing of her father; and

[23] In reaching this conclusion, *Delloso* points out that Rule 9006(b)(3) provides that the court may enlarge the time for taking action under Rule 4007(c) *only* to the extent and under the conditions stated in the rule, and the rule contains a condition to extending the time that the "motion [be] filed before the time for filing the complaint has expired." *Delloso*, 72 F.4th at 540.

[24] *Delloso* did not address the context of Rule 9006(b)(1)—setting forth excusable neglect as the general standard for extensions sought after a deadline has expired—and whether that impacts the interpretation of Rules 9006(b)(3) and 4007(c), which carve out an exception to the excusable neglect standard.

(d) the length of delay here is minor, and Hacienda Mechanical's counsel acted promptly when he learned of the missed deadline. Counsel argues that under these circumstances Hacienda Mechanical should not be punished for an understandable failure to calendar the deadline, which was caused by counsel's secretary's family concerns, and not to permit the late filing would work an injustice upon Hacienda Mechanical and give the Debtors a windfall.

The Court first notes that the prepetition stipulation in the Stipulated Final Judgment that the debt would not be dischargeable in bankruptcy is not enforceable as a substitute for timely filing a complaint objecting to the dischargeability of debt, as bankruptcy courts have exclusive jurisdiction to determine dischargeability of claims under § 523,[25] and prepetition stipulations which purport to waive a debtor's bankruptcy discharge are unenforceable as a violation of public policy.[26]

Hacienda Mechanical cites two cases for the proposition that bankruptcy courts have used their equitable authority to make exceptions to the strict requirements of Rule 4007(c) in limited circumstances, *Allred v. Kennerley (In re Kennerley)*, 995 F.2d 145, 148 (9th Cir. 1993) and *Themy v. Yu (In re Themy)*, 6 F.3d 688, 690 (10th Cir. 1993), and argues this is one of those circumstances. But as noted above, in both of those cases an exception was made to permit a court to correct is own error while it still had jurisdiction, and the Ninth Circuit suggested that

---

[25] *See, e.g., Hayhoe v. Cole (In re Cole),* 226 B.R. 647, 653 (9th Cir. BAP 1998) ("[B]ankruptcy courts have exclusive jurisdiction to determine the dischargeability of a claim under § 523(a)(2).").

[26] *E.g., Klingman v. Levinson,* 831 F.2d 1292, 1296 n.3 (7th Cir. 1987) ("For public policy reasons, a debtor may not contract away the right to a discharge in bankruptcy."); *Cole,* 226 B.R. at 653 ("[A] state court stipulated judgment where the debtor waives his right to discharge is unenforceable as against public policy."); *Simmons Capital Advisors, Ltd. v. Bachinksi (In re Bachinski)*, 393 B.R. 522, 533 (Bankr. S.D. Ohio 2008) ("A pre-petition stipulation in a state-court action waiving a debtor's right to obtain a discharge of a specific debt in a future bankruptcy case is void because it offends the public policy of promoting a fresh start for individual debtors." (quoting *Lichtenstein v. Barbanel*, 161 F. App'x 461, 468 (6th Cir. 2005) (unpublished))); *Saler v. Saler (In re Saler),* 205 B.R. 737, 745 (Bankr. E.D. Pa. 1997) ("The public policy with regard to the provision of a 'fresh start' for debtors following bankruptcy cannot be precluded by a state court judgment[.]").

the exception "would appear to be limited to situations where a court *explicitly misleads* a party." *Kennerley*, 995 F.2d at 148 (emphasis in the original).

The Court concludes that under the circumstances of this case it does not have the equitable authority or power under § 105(a) to extend the deadline imposed by Rule 4007(c). Even if there are equitable exceptions to the deadline imposed by Rule 4007(c), § 105(a) does not allow a court to extend the deadline without relying on a traditional equitable doctrine.[27] A court need not rely on § 105(a) to extend the time to correct its own mistakes because a court has the inherent power to correct its own mistakes while it still has jurisdiction.[28] *See also* note 18, *supra*.

While the Court is quite sympathetic to the suffering experienced by Hacienda Mechanical's counsel's secretary which led to the failure to calendar the deadline in this case, the Court has no discretion to extend the deadline imposed by Rule 4007(c) based on that circumstance. Therefore, the Court will deny Hacienda Mechanical's request to permit a late filing of the complaint objecting to dischargeability of its debt.

---

[27] Hacienda Mechanical did not assert the well-recognized equitable exceptions to statutes of limitation generally: equitable tolling or equitable estoppel. Those doctrines do not apply here in any event. *See Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005) (setting forth the requirement for equitable tolling) and *Kirtland Fed. Credit Union v. Shaw (In re Shaw)*, No. 17-1072, 2018 WL 1614156, at *3 (Bankr. D.N.M. Mar. 30, 2018) (setting forth the requirement for equitable estoppel (citing *Penny v. Giuffrida*, 897 F.2d 1543, 1545-46 (10th Cir. 1990)). Waiver does not apply either. *See Cole*, 226 B.R. at 653 (explaining that debtor may only waive the dischargeability of a specific debt by satisfying the reaffirmation requirements of § 524(c)). Further, there is no indication that Debtors intended to waive the deadline for Hacienda Mechanical to file a non-dischargeability complaint. A waiver generally requires "an intentional relinquishment or abandonment of a known right or privilege." *In re Martinez*, No. 10-11101, 2015 WL 3814935, at *6 (Bankr. D.N.M. June 18, 2015) (quoting *Johnson v. Zerbst*, 304 U.S. 458, 464 (1938)).

[28] *E.g., United States v. Valdez*, No. 25-2053, 2026 WL 2525581, at *7 (10th Cir. Aug. 27, 2026) (providing that a court has the inherent power to correct its own mistakes while it still has jurisdiction).

2. *Motion to Avoid Lien*

Having determined that Hacienda Mechanical is precluded from objecting to the dischargeability of its debt, the Court now turns to the question of whether Debtors can avoid Hacienda Mechanical's judicial lien on their Homestead. Pursuant to 11 U.S.C. § 522(f), a debtor may avoid a judicial lien to the extent that the lien impairs the debtor's homestead exemption. The stipulated facts establish that the lien at issue is a judicial lien subject to avoidance under § 522(f).[29] Impairment is determined in accordance with the formula set out in § 522(f)(2)(A), which provides:

> For the purposes of this subsection, a lien shall be considered to impair an exemption to the extent that the sum of—
>
> (i) the lien;
>
> (ii) all other liens on the property; and
>
> (iii) the amount of the exemption that the debtor could claim if there were no liens on the property;
>
> exceeds the value that the debtor's interest in the property would have in the absence of any liens.

The amount of the liens and the value of the property are to be determined as of the petition date for purposes of applying § 522(f).[30] Here, the stipulated facts are that, as of the petition date, the fair market value of the Debtors' Homestead property was $398,400; Hacienda Mechanical held

---

[29] Section 522(f)(1) applies to judicial liens:

> [T]he debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled . . . if such lien is—(A) a judicial lien, other than a judicial lien that secures a debt of a kind that is specified in section 523(a)(5)[.]

11 U.S.C. § 522(f)(1)(A).

[30] *E.g., In re Mulholland*, No. 10-14587, 2012 WL 601784, at *2 (Bankr. D.N.M. Feb. 23, 2012) (citing *In re Powell,* 399 B.R. 190, 198 (Bankr. W.D. Tex. 2008) ("'[T]he petition date is the operative date to make all § 522(f) determinations,' so that the value of the liens, the value of the property and the amount of the exemption are all measured as of the date of the filing of the petition." (quoting *In re Salanoa,* 263 B.R. 120, 123 (Bankr. S.D. Cal. 2001))); *In re Hall,* 327 B.R. 424, 427 (Bankr. W.D. Mo. 2005) (explaining that the caselaw is uniform that "the appropriate time for determining the value of the property subject to a lien which the Debtors seek to avoid under § 522(f) is the date on which the petition was filed")).

a judicial lien on the property; and there was a mortgage lien on the property in the amount of $158,578. The Debtors' Schedule D reflects a debt owed to Hacienda Mechanical in the amount of $150,000.

Applying the formula in § 522(f)(2)(A), the combination of the judicial lien ($150,000), the mortgage lien ($158,578), and the amount of the exemption that the Debtors could claim if there were no liens on the property ($350,000) is $658,578. This exceeds the value that Debtors' interest in the property would have in the absence of any liens ($398,400) by $260,178. Since this amount is larger than the value of Hacienda Mechanical's judicial lien, the entire judicial lien impairs Debtors' homestead exemption. Thus, Debtors may completely avoid Hacienda Mechanical's judicial lien.

## IV. CONCLUSION

For the reasons set forth in this Memorandum Opinion, the Court will enter an order (1) denying Hacienda Mechanical's Motion to Permit Late Filing and (2) granting Debtors' Motion to Avoid Lien.

ROBERT H. JACOBVITZ
United States Bankruptcy Judge

Date entered on docket: September 15, 2026

COPY TO:

Counsel for Debtors
R. Trey Arvizu, III
trey@arvizulaw.com
*Electronic notice via CM/ECF*

Counsel for Hacienda Mechanical, Inc.
James M. Feuille
ScottHulse PC
jfeu@scotthulse.com
*Electronic notice via CM/ECF*